IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CAROL SCHULTE, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-419 |
| PAUL PETRY, *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM & ORDER

Now pending before the Court are two motions filed by Plaintiff: (1) a Motion to Strike Defendant's Motion for Summary Judgment (ECF No. 52); and (2) a Motion for Extension of Time (ECF No. 51).

Plaintiff's Motion to Strike (ECF No. 52) is DENIED. Plaintiff seeks to strike Defendant's motion for summary judgment (ECF No. 42) pursuant to Federal Rule of Civil Procedure 12(f).[1]  (ECF No. 52.) Rule 12(f) provides that "[t]he Court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Defendant's motion for summary judgment is not a *pleading*. Exhibits attached to Defendant's motion are not *pleadings* either. And "[a]lthough some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of recent authority is that such an action is not contemplated or permitted by the [Federal Rules of Civil Procedure]." *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013) (collecting cases).

---

[1] In this same motion, Plaintiff purports to "PRESENT[] DEFENSES" pursuant to Rule 12(b). (ECF No. 52 ¶¶ 4, 6.) The Court is confused by Plaintiff's reference to Rule 12(b). There are no claims for relief *against* Plaintiff in this case. Therefore, Plaintiff has no need to present defenses.

The Court has construed Plaintiff's motion liberally, however, and understands that Plaintiff asks the Court to strike Defendant's motion and accompanying exhibits pursuant to the Court's inherent powers. *See generally Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) (holding that a district court did not abuse its discretion by striking pages from a defendant's memorandum, pursuant to that court's inherent powers). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Plaintiff asks the Court to strike Defendant's entire motion for summary judgment for failing to effect "timely delivery of service." (ECF No. 52 at 7.) Defendant's motion for summary judgment bears a certificate of service stating that a copy was mailed to Plaintiff on June 15, 2015. (ECF No. 42 at 3.) Plaintiff, however, contends that she never received the copy of Defendant's motion that was mailed on June 15. (*Id.*) Nonetheless, "[a] paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). "Because service is complete upon mailing, non-receipt of the information does not affect the validity of service." *United States v. Wright*, 238 F.3d 418, 2000 WL 1846340, at *2 (4th Cir. 2000) (unpublished table decision). Thus, Plaintiff's non-receipt is irrelevant in assessing timely delivery of service, and more importantly Plaintiff has since received Defendant's motion and so has not been prejudiced. (*See* ECF No. 48.) Thus, Plaintiff's request to strike Defendant's motion is DENIED.

Plaintiff also asks the Court to strike Exhibit 1-B of Defendant's motion for summary judgment (ECF No. 42-4) in its entirety because it "was not timely filed, served, or delivered . . . ." (ECF No. 52-1 at 5.) Plaintiff appears to object to Defendant's electronic filing of a "Notice of Filing of Lengthy Exhibit" in lieu of the full exhibit itself. Such notices are

required where a party seeks to file "excessively large documents," and the notice "serves as a placeholder for the document" as long as a paper copy is filed and served within 24 hours. *See* United States District Court for the District of Maryland, *Electronic Filing Requirements and Procedures for Civil Cases*, at 43 (April 2013), http://www. mdd.uscourts.gov/publications/forms/Civil%20Manual%20%206.1%20%20FINAL.pdf. Here, Defendant's counsel certified that he served a copy of Exhibit 1-B upon Plaintiff on June 15, 2015. (ECF No. 42 at 3.) And the undersigned received a copy of the exhibit in paper format soon thereafter. Plaintiff has failed to show that she was prejudiced by Defendant's adherence to the Court's electronic filing procedures. Thus, Plaintiff's objection is without merit, and the request to strike Defendant's Exhibit 1-B is DENIED.

Plaintiff requests that the Court strike Defendant's affidavit accompanying its motion for summary judgment (ECF No. 42-2) because it is "FALSE!" (ECF No. 52-1 at 7.) The challenged affidavit avers that Exhibit 1-A of Defendant's motion for summary judgment is "[a] true and correct copy of the" Johns Hopkins Hospital employee welfare benefit plan. (ECF No. 42-2 ¶¶ 3, 5.) Plaintiff contends that Exhibit 1-A is *not* a true and correct copy, because it excludes "essential" parts of the policy. To aver that an exhibit is a true and correct copy of a particular document does not expressly or impliedly declare that the exhibit is not an excerpt from a larger document. It merely verifies that Defendant has not falsified or tampered with the substantive content of the exhibit. The Court finds no objectionable or false testimony in Defendant's affidavit, and thus Plaintiff's request to strike ECF No. 42-2 is DENIED. That said, if Plaintiff files a response in opposition to Defendant's motion for summary judgment, Plaintiff may introduce her own evidence including those portions of the benefit plan that Defendant has allegedly excluded, provided that they are relevant to Plaintiff's claim and are admissible.

Plaintiff's motion for extension of time (ECF No. 51) is GRANTED IN PART and DENIED IN PART. The Court previously entered a briefing schedule in this case to govern the parties' dispositive motions filings. (ECF No. 41.) Defendant was to file its initial motion for summary judgment on or before June 15, 2015. The Court warned that "[t]his extension will be the final one granted." (*Id.*) However, while Defendant did electronically file its motion for summary judgment on June 15, Plaintiff apparently did not receive the motion until Defendant mailed it a second time one month later—on July 16. (*See* ECF Nos. 48 & 48-1.) Therefore the Court GRANTS *one final extension* and now sets a new briefing schedule, *infra*, that follows the sequence adopted in the former scheduling order, plus one additional week for Plaintiff to file her opposition and cross-motion.

In this same motion, Plaintiff requests an opportunity for discovery. This request is DENIED. On October 14, 2014, the Court mailed a letter directing both parties to "advise the Court whether they believe discovery is necessary" on or before October 23, 2014. (ECF No. 28.) Plaintiff did not respond. The Defendants responded that they did "not believe that discovery is necessary in this matter." (ECF No. 29.) The time for discovery has long since passed.

Accordingly, and in sum, it is ORDERED as follows:

1. Plaintiff's Motion to Strike (ECF No. 52) is DENIED.
2. Plaintiff's Motion for Extension of Time (ECF No. 51) is GRANTED IN PART and DENIED IN PART.
    a. Plaintiff's request for additional discovery is DENIED.
    b. Plaintiff's request for an updated briefing schedule is GRANTED as herein limited.
    c. The following briefing schedule shall govern the parties' filings:

| | |
|---|---|
| August 13, 2015 | Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment due |
| September 3, 2015 | Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment and Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment due |
| September 24, 2015 | Plaintiff's Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment due |

3. The Clerk shall ensure that all parties are provided a copy of this order.

DATED this 5th day of August, 2015.

                                                          BY THE COURT:

                                                          /s/
                                                      James K. Bredar
                                                      United States District Judge