# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CAROL SCHULTE,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-14-419** |
| **BOSTON MUTUAL LIFE** | * | |
| **INSURANCE COMPANY,** | | |
| | * | |
| **Defendant** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Carol Schulte ("Plaintiff") brought a *pro se* action against Boston Mutual Life Insurance Company ("Boston Mutual" or "Defendant"), asserting a claim for long-term disability ("LTD") benefits.  The parties filed cross-motions for summary judgment.  (ECF Nos. 42 & 54.)  In a November 18, 2015, Memorandum and accompanying Order, the Court granted Defendant's motion, denied Plaintiff's motion, and entered judgment for Defendant.  (ECF Nos. 74 & 75.)

Now pending before the Court is Plaintiff's self-styled "Motion to alter/amend/ delete Order / Judgment and for JURY TRIAL ORDER, discovery" [*sic*], filed on December 16, 2015.  (ECF No. 76.)[1]  The Court construes Plaintiff's paper as a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure.  The Court has carefully reviewed Plaintiff's Motion and has determined that no further briefing is necessary.[2]  For the reasons explained below, Plaintiff's Motion will be denied.

---

[1] Plaintiff filed her Motion exactly twenty-eight days after the Court's entry of judgment for Defendant.
[2] A hearing is likewise unnecessary.  *See* Local Rule 105.6 (D. Md. 2014).

## I. Background[3]

A brief review of the pertinent facts and procedural developments in this case is necessary to make sense of the pending Motion.  Plaintiff, a former employee of The Johns Hopkins Hospital, received LTD benefits for over fifteen years pursuant to an employee welfare benefits plan ("the Plan"), governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and administered by Defendant.  (ECF No. 74 at 2.)  The Plan required claimants to provide periodic "[p]roof of continued disability and regular attendance of a physician."  (*Id.* at 3.)  In late 2009 and early 2010, Defendant sent Plaintiff a series of letters asking her to either complete a medical authorization form or submit appropriate documentation in support of her claim; Plaintiff ignored Defendant's requests, and so Defendant closed her claim and terminated her LTD benefits on April 19, 2010.  (*Id.* at 4.)

In October 2010, Plaintiff faxed Defendant an assortment of blurry documents, which Defendant interpreted as an administrative appeal of its benefits termination.  (*Id.* at 4-5.) Defendant forwarded Plaintiff's case to its third-party appeals administrator, Disability Management Services, Inc. ("DMS").  (*Id.* at 5.)  DMS asked Plaintiff to sign a medical authorization form and to provide a list of treating physicians, and it scheduled her for an independent medical evaluation ("IME").  (*Id.*)  Plaintiff again refused to sign the authorization or supply the requisite information; moreover, while she attended her IME, she refused to cooperate with the attending physician.  (*Id.*)  Consequently, in March 2011, DMS upheld the prior closure of Plaintiff's LTD claim.  (*Id.* at 6.)

Plaintiff filed the present action on February 11, 2014, naming a variety of defendants and asserting a host of constitutional, statutory, and common law violations relating to the cancellation of her LTD benefits.  (ECF No. 1.)  In a September 30, 2014, Order (ECF No. 24),

---

[3] The facts recited herein are discussed at length in the Court's November 18, 2015, Memorandum.  (ECF No. 74.)

the Court terminated all defendants except for Boston Mutual, and it narrowed Plaintiff's action to a single claim arising under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Thereafter, both parties moved for summary judgment.  (ECF Nos. 42 & 54.)

In a November 18, 2015, Memorandum and accompanying Order, the Court denied Plaintiff's motion and granted Defendant's motion.  (ECF Nos. 74 & 75.)  In so doing, the Court recognized that it was required to conduct a *de novo* review of the benefits termination, *see Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 165 (4th Cir. 2013).  However, the Court confined the scope of its review to evidence contained within the administrative record, *see Donnell v. Metro. Life Ins. Co.*, 165 F. App'x 288, 297 (4th Cir. 2006).  The Court held that Plaintiff had failed to satisfy her burden of proving that she remained disabled within the meaning of the Plan.  (ECF No. 74 at 15.)  The Court also held that, even had Plaintiff satisfied her burden, she could not qualify for relief at this stage because her Complaint was untimely. (*Id.* at 18.)[4]  Consequently, the Court entered judgment for Defendant.  (ECF No. 75.)

Plaintiff filed the pending "Motion to alter/amend/ delete Order / Judgment and for JURY TRIAL ORDER, discovery" [*sic*] on December 16, 2015.  (ECF No. 76.)  Because Plaintiff's Motion fails to present even a colorable argument that the Court's prior judgment is defective, the Court declines to burden Defendant with additional briefing at this time.

## II.  Standard of Review

A party aggrieved by a final judgment may file (1) a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or (2) a motion for relief from the judgment pursuant to Rule 60(b).  *Ngatia v. Dep't of Pub. Safety & Corr. Servs.*,

---

[4] As the Court explained, the Plan provided that a claimant "cannot start any legal action . . . more than 3 years after the time proof of claim is required."  (*Id.* at 18.)  Because the limitations period began running no later than April 19, 2010 (when Defendant closed Plaintiff's claim), Plaintiff should have filed her Complaint by April 19, 2013. (*Id.* at 18-19.)  Instead, she filed it on February 11, 2014—almost a year out of time.  (*Id.* at 19.)

Civ. No. WDQ-14-0899, 2015 WL 7012672, at *2 (D. Md. Nov. 12, 2015). "A motion to alter

or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed

later, Rule 60(b) controls." *Id.* (citing *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280

(4th Cir. 2008)); *see also United States v. Blackmon*, 490 F. App'x 574, 574 n.* (4th Cir. 2012)

(per curiam) (analyzing paper styled as a Rule 60(b) motion under Rule 59(e) because it was

filed within twenty-eight days of district court's dismissal order and sought reconsideration of

that order).[5]

As the United States Court of Appeals for the Fourth Circuit has recognized, Rule 59(e)

authorizes *discretionary* relief. A Rule 59(e) motion "need not be granted unless the district court

finds that there has been an intervening change of controlling law, that new evidence has become

available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v.*

*Wix Filtration Corp.*, 599 F.3d 403, 411 (4th Cir. 2010). The Fourth Circuit has also cautioned

that parties should not employ Rule 59(e) motions to "raise arguments which could have been

raised prior to the issuance of the judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d

396, 403 (4th Cir. 1998). Reconsideration of judgment after entry is an extraordinary remedy that

must be applied sparingly, *id.*, and "mere disagreement" with a court's analysis "does not support

a Rule 59(e) motion," *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see also*

*Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) ("[A] motion

for reconsideration under Rule 59(e) is inappropriate if it asks the court to 'reevaluate the basis

upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" (quoting *United*

---

[5] Local Rule 105.10 (D. Md. 2014) stipulates that "*[e]xcept as otherwise provided* in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order" (emphasis added). Plaintiff did not file her Motion within fourteen days of the Court's ECF No. 75 Order. However, because the Court construes Plaintiff's Motion under Rule 59(e), the more generous 28-day window applies, and the Court deems Plaintiff's Motion timely. *See Armani v. Comm'r*, Civ. No. JMC-14-CV-976, 2015 WL 2062183, at *1 (D. Md. May 1, 2015) (recognizing that orders granting final judgment are governed by Rule 59(e) rather than the local rule).

*States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997))), *aff'd*, 584 F. App'x 121
(4th Cir. 2014) (mem.).

### III. Analysis

Plaintiff devotes the bulk of her Motion to leveling odious accusations against the
undersigned and to rehashing her demand for a jury trial.  As for Plaintiff's accusations, they are
baseless and warrant no further discussion.  As for her jury demand, the Court previously held in
an October 9, 2015, Order that "[c]laims for denial of benefits under ERISA sound in equity"
and that there is consequently "no jury trial right."  (ECF No. 69.)  The Court's prior holding is
well-supported by the law of this Circuit.  *See Phelps v. C.T. Enters., Inc.*, 394 F.3d 213, 222 (4th
Cir. 2005) (explaining that jury trials are unavailable for ERISA claims prosecuted under either 29
U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3)); *see also Leach v. Aetna Life Ins. Co.*, Civ. No.
WMN-13-2757, 2014 WL 470064, at *7 (D. Md. Feb. 5, 2014) ("[I]t is well established in the
Fourth Circuit that ERISA claims are for the court and are not for determination by a jury.");
*Coleman v. Provident Life & Accident Ins. Co.*, Civ. No. CCB-10-1959, 2011 WL 1980541, at *1
n.1 (D. Md. May 20, 2011) ("[N]o jury trial right attaches to a claim for benefits under
§ 1132(a)(1)(B) . . . .").  For that matter, because the Court granted summary judgment to
Defendant, Plaintiff's demand for a jury trial is moot:  she has no live controversy at this stage,
and so there is nothing left to try—either before a jury or before the bench.

The Court scrutinized Plaintiff's Motion in search of content that might be responsive to
the November 18, 2015, Memorandum.  The Court managed to unearth a few topical assertions,
but none has merit.  For instance, Plaintiff complains that the Court restricted its analysis to a
"false 'administrative record' produced by Defendants" (ECF No. 76 at 6), but she identifies no
documents within that record that she believes to be false, nor does she provide a shred of

evidence to support her claim.  Plaintiff also asserts that "there was no exam" and that the Court

was "ridiculous in [its] statement that the doctor did no examine [*sic*] because HE [*sic*] had

copies of [Plaintiff's] medical records [but she] did not!"  (*Id.*)  It appears that Plaintiff continues

to dispute the circumstances surrounding her IME, though she has at no point proffered an

affidavit, or declaration, or any admissible evidence to counter the contemporaneous reports

drafted by the attending physician and included in the administrative record.  (ECF No. 74 at 5

n.10.)  In any event, the IME was merely one factor that informed the Court's analysis; it was

certainly not dispositive of Plaintiff's claim.

Plaintiff repeats her contention that the Plan did not require her to "submit forms."  (ECF

No. 76 at 6.)  The Court discussed this contention at length in its Memorandum, explaining that,

while the Plan "does not require Plaintiff to complete a *particular* form or to submit a *particular*

type of medical evidence," that does "not release Plaintiff from her burden to *prove* her

continuing disability."  (ECF No. 74 at 18 (emphases in original).)[6]  Plaintiff also alludes to her

prior argument that her action should be governed by the six-year statute of limitations under 29

U.S.C. § 1113 (ECF No. 76 at 7), but as the Court formerly explained, section 1113 is inapposite

to Plaintiff's claim for benefits (ECF No. 74 at 21).  Finally, Plaintiff reiterates her fear that the

administrative record contains unredacted dates of birth and Social Security numbers.  (ECF No.

76 at 7, 12.)  The Court previously invited Plaintiff to specify which documents within the 1430-

page record are troubling to her (ECF No. 74 at 10 n.14), but she has once again failed to do so.

In short, Plaintiff has presented no persuasive reason to disturb the Court's entry of

judgment for Defendant.  She has neither pointed to an intervening change in controlling law nor

presented new evidence nor identified clear error in the Court's prior Memorandum, and she

---

[6] Indeed, as the Court observed in its Memorandum, Defendant repeatedly advised Plaintiff that she could satisfy her burden either by signing a release *or* by submitting appropriate and relevant documentation.  (ECF No. 74 at 18.)

certainly has not demonstrated a risk of manifest injustice in the absence of relief.  *See Robinson*,

599 F.3d at 411.  Consequently, Plaintiff's Rule 59(e) Motion will be denied.

## **ORDER**

For the foregoing reasons, it is ORDERED:

1.  Plaintiff's "Motion to alter/amend/ delete Order" (ECF No. 76) is DENIED; and

2.  Plaintiff's case shall REMAIN CLOSED.

DATED this 21st day of December, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge